IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLIVE BARON,<br>        Plaintiff, | CIVIL ACTION |
| v. | |
| ABBOTT LABORATORIES,<br>        Defendant. | NO.  16-2736 |

DuBois, J.                                                                                                February 15, 2017

## M E M O R A N D U M

### I.     INTRODUCTION

This is an employment discrimination case.  Plaintiff Clive Baron alleges that his former employer, Abbott Laboratories, retaliated against him in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. §§ 760. 01, *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. Ann. § 951, *et seq.*, when it did not reinstate him because he had opposed perceived age discrimination and filed a law suit in this Court in which he asserted claims of age discrimination under the ADEA, FCRA, and PHRA.  *Clive Baron v. Abbott Laboratories*, Civil Action No. 14-4706 ("*Baron I*").  After consideration of Abbott's Motion for Summary Judgment in *Baron I*, this Court entered judgment in favor of Abbott and against Baron by Memorandum and Order dated February 17, 2016.  2016 WL 660883 (E.D. Pa. Feb. 17, 2016).

Presently before the Court is Abbott's Motion to Dismiss the single claim of retaliation in the Complaint under the doctrine of *res judicata*.  For the reasons that follow, the Court denies Abbott's Motion.

1

## II.     BACKGROUND

Plaintiff Clive Baron was employed by defendant Abbott Laboratories ("Abbott") from March 2010 until he was terminated by Abbott on December 31, 2013. Compl. ¶¶ 7, 25. At the time of his termination, Baron was 60 years old. Compl. ¶¶ 1, 25.

On May 14, 2014, Baron filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging that Abbott had discriminated against him based on his age when he was not considered for a supervisor's position and when it eliminated his position and assigned his responsibilities to younger employees. Compl. ¶¶ 20, 27, 30-31, 36.

On August 12, 2014, Baron filed a Complaint in *Baron I* (the "*Baron I* Complaint") in this Court, alleging claims of age discrimination by Abbott under the ADEA, FCRA, and PHRA. Compl. ¶ 37.

Baron learned through discovery in *Baron I* that, in December 2014, Abbott planned to create a new position with the same with the same responsibilities as Baron's prior position, and that, in February 2015, Abbott hired Richard Lanchantin to fill this position. Compl. ¶¶ 40-41, 49-53.

On July 31, 2015, Abbott filed a Motion for Summary Judgment in *Baron I*. In support of that Motion, Abbott argued that Baron could not establish a *prima facie* case of age discrimination because he had been replaced by Lanchantin, who was 59 years old. *Baron I* Def. Statement of Facts ¶¶ 55-56; *Baron I* Def. Mem. Supp. Mot. Summ. J. 6, 8; *Baron I* Def. Reply Supp. Mot. Summ. J. 6. In response, Baron argued that he was replaced prior to Lanchantin's hire by two employees who were 6 years and 21 years younger than Baron. *Baron I* Plff. Mem. Opp. Mot. Summ. J. 1, 5-7 (*Baron I* Document No. 21, filed Aug. 28, 2015). With respect to Abbott's hiring of Lanchantin, Baron stated that

2

> Then, when Mr. Baron's former position was reinstated about a year after it was temporarily eliminated, Mr. Baron was not even considered for it because he had opposed the age discrimination to which he was subjected and participated in enforcement proceedings to vindicate his rights under the [ADEA, FCRA, and PHRA].
>
> The retaliation to which Mr. Baron was subjected only recently came to light on July 22, 2015, when David Champagne was deposed for a second time after [Abbott Laboratories] concealed the fact that another individual, Richard Lanchantin, was hired into Mr. Baron's identical position in early 2015. Accordingly, Plaintiff will be moving to amend his Complaint to include this retaliation claim.

*Baron I* Plff. Mem. Opp. Mot. Summ. J. 2. In his Sur Reply, Baron argued that Lanchantin was not his replacement; rather, Lanchantin's hire was evidence that Abbott "was careful in its orchestration of its defense against Baron's claims . . . and retaliated against Baron for opposing the age discrimination to which he was subjected." *Baron I* Plff. Sur-Reply 4-5 (*Baron I* Document No. 27, filed Oct. 8, 2015). Baron never amended the *Baron I* Complaint to include a claim of retaliation.

By Memorandum and Order dated February 17, 2016, the Court granted Abbott's Motion for Summary Judgment and entered judgment in favor of Abbott and against Baron in *Baron I*. The Court concluded "that no reasonable jury could find that [the employees who were 6 and 21 years younger than Baron] 'replaced' Baron because [they did not] take over Baron's job responsibilities." *Baron I*, 2016 WL 660883 at *5. The Court also found that "the employee who replaced Baron was Lanchantin in May 2015" and that the "one-year age gap" between Baron's age at the time of termination and Lanchantin's age at the time of promotion was "insufficient to create an inference of age discrimination." *Id.* at *6. That Memorandum and Order made no reference to Baron's potential retaliation claim.

On June 16, 2016, Baron filed the Complaint in the above-captioned case, asserting a claim of retaliation against Abbott in violation of the ADEA, FCRA, and PHRA. Compl. ¶ 58.

3

Specifically, Baron alleged that "Abbott's decision not to reinstate Plaintiff into the position he formerly held [and occupied by Lanchantin] was in retaliation for Plaintiff having opposed what he reasonably and in good faith believed to be the age discrimination . . . and for having participated in any investigation or proceeding under the ADEA, PHRA, and FCRA . . . ." Compl. ¶ 58.

On August 29, 2016, Abbott filed a Motion to Dismiss Plaintiff's Complaint (Document No. 5). Abbott argues that the Complaint fails to state a claim because the sole count of retaliation is barred by the doctrine of *res judicata*. Def.'s Mem. Supp. Mot. 1. Baron filed his Response on September 15, 2016 (Document No. 11). The Motion is thus ripe for review.

### III.     APPLICABLE LAW

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The pleading's factual allegations need not be detailed, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). In evaluating a complaint, a court first identifies allegations that are mere "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. These allegations are "not entitled to assumption of truth" and must be disregarded. *Iqbal*, 556 U.S. at 679. Then the court evaluates all "well-pleaded, nonconclusory factual allegation[s]" to determine whether the plaintiff has stated a plausible claim for relief. *Id.*

While "res judicata is an affirmative defense that typically may not afford the basis for a Rule 12(b)(6) dismissal unless it is 'apparent on the face of the complaint,'" the United States Court of Appeals for the Third Circuit has found this rule inapplicable where, as in this case,

4

there are no relevant factual disputes, the district court deciding the motion to dismiss also adjudicated the case on which *res judicata* is based, and the evidence relied on that is outside the Complaint is a matter of public record. *Hoffman v. Nordic Naturals, Inc.*, 837 F.3d 272, 280 (3d Cir. 2016).

The doctrine of *res judicata* "promotes judicial economy and protects defendants from having to defend multiple identical or nearly identical lawsuits by barring not only claims that were brought in a previous action, but also claims that could have been brought." *Morgan v. Covington Twp.*, 648 F.3d 172, 177 (3d Cir. 2011) (citation and quotation marks omitted). *Res judicata* "applies when there exists (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) subsequent suit based on the same cause of action." *Id.* (citation and quotation marks omitted). However, the Third Circuit has held that "*res judicata* does not bar claims that are predicated on events that postdate the filing of the initial complaint." *Id.* at 178. In so holding, the Third Circuit stated that "[a] contrary rule would only invite disputes about whether plaintiffs could have amended their initial complaints to assert claims based on later-occurring incidents." *Id.*

IV.     **DISCUSSION**

In its Motion to Dismiss, Abbott argues that Baron "relied heavily" on his retaliation argument in his Response to the Motion for Summary Judgment in *Baron I* and failed to amend the *Baron I* Complaint, despite learning the relevant information during discovery. Def. Mem. Supp. Mot. 2. Abbott acknowledges that the Third Circuit has held that *res judicata* does not bar claims arising from events that occur after a complaint is filed. However, Abbott relies on *Lin v. Rohm & Haas Co.*, 865 F. Supp. 2d 649, 659 (E.D. Pa. Mar. 26, 2012) (Yohn, J.), to argue that the rationale of *Morgan* "does not apply when a plaintiff relies upon the events postdating the

5

initial complaint to make assertions in the initial litigation" and makes "a strategic decision not to file an amended complaint." *Id.* at 3-4.

In *Lin*, the plaintiff alleged that her former employer had retaliated against her by seeking excessive discovery in a state lawsuit between the parties. 865 F, Supp. 2d at 654-55. The plaintiff had previously filed a complaint in federal court alleging that the defendant filed the state lawsuit in retaliation for plaintiff's informal complaints to the EEOC. *Id.* at 654. While the discovery requests occurred after the filing of the first suit, the plaintiff relied on the discovery requests to support her retaliation claim in briefing the defendant's renewed motion for summary judgment and her motion for reconsideration in the first suit. *Id.* at 659. The *Lin* court concluded that *res judicata* barred the plaintiff's retaliation claims in the second suit because the court in the first suit had "construed [plaintiff's] briefs as asserting claims arising out of the . . . discovery requests—and clearly addressed those claims . . . ." *Id.* at 661. In *Lin*, the court stated that the court in the first suit had "expressly addressed" the discovery requests by noting that the plaintiff "now largely predicates the 'adverse employment action' prong of her retaliation claim on the discovery requests . . . and asserting[ing] that it did 'not believe that discovery sanctioned by the state court can constitute an adverse employment action'" in those circumstances. *Id.* at 660-61 (citation omitted).

Baron argues that his retaliation claim is not barred because the facts underlying the retaliation claim occurred after the filing of the *Baron I* Complaint and the retaliation claim was not litigated or considered by the Court in *Baron I*. The Court agrees for the following two reasons.

6

First, the facts forming the basis of Baron's retaliation claim—Abbott's hiring of Lanchantin—occurred in February 2015, well after the filing of the *Baron I* Complaint. Thus, under *Morgan*, *res judicata* does not bar this claim.

Next, the Court concludes that the exception to the *Morgan* rationale applied in *Lin* is inapplicable to this case. Unlike the plaintiff in *Lin*, Baron did not rely on the facts of Lanchantin's hire as evidence that he suffered age discrimination in *Baron I*. Rather, Baron asserted that he had been replaced by employees who were 6 years and 21 years younger. Baron also stated in the motion papers in *Baron I* that Abbott retaliated against him when it did not reinstate him to his former position and hired Lanchantin instead and that he would move to amend his Complaint to include such a claim, but he never did so. Thus, unlike the court in *Lin*, this Court did not consider Baron's retaliation claim in granting the Motion for Summary Judgment in *Baron I* in its Memorandum and Order dated February 17, 2016. The Court considered the fact of Lanchantin's hiring only in concluding that Baron had been replaced by Lanchantin rather than by the employees who were 6 years and 21 years younger than Baron. For these reasons, the Court concludes that *res judicata* does not bar Baron's retaliation claim in this case.

V.  **CONCLUSION**

For the foregoing reasons, defendant's Motion to Dismiss is denied. An appropriate order follows.